## LESLIE E. BLADES v. STATE.

No. A-9567.  July 21, 1939.
(92 P. 2d 970.)

Wilson & Wilson and David Tant, all of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, Leslie E. Blades, was informed against for burglary in the second degree.  It was charged that he burglariously broke into and entered a one-story brick building, No. 1637 W. Main street, Oklahoma

City, in the possession of the Kraft Associated Distributing Company, in which building valuable personal property was then and there kept and deposited, with the felonious intent to steal and carry away the same.

It was further charged that the defendant did take, steal and carry away $125 in negotiable checks, and $144 in good and lawful money of the United States, the personal property of the said Kraft Associated Distributing Company.

The trial resulted in a verdict of guilty as charged in the information, and fixing his punishment at confinement in the state penitentiary for two years.

From the judgment rendered in conformity with the verdict, an appeal was perfected by filing in this court on September 27, 1938, a petition in error with case-made.

The errors assigned question the sufficiency of the evidence to sustain the verdict.

The uncontradicted evidence is to the effect that on the night of December 21, 1937, the place described was broken into. The next morning it was found that $144 in money and a number of checks that had been given to the company, and some of them that had been endorsed by other concerns, were missing. It was reported to the police department, and among those checks there was one in particular that had been endorsed to the Kraft Company. They notified the maker, and when that check came to the bank the payment was stopped. It developed that this check was left at a filling station by the defendant with a note to the man in charge to deposit it through his account and he would be back to get the money, the defendant saying that he had won this check in a poker game.

Dick McCormick testified that on December 21st, last year, he was a student at O. C. U., and worked at a service station, No. 4300 North Western, for Allen Adair; that Mr. Blades came into the station in midmorning and left a

written message attached to this check, requesting Mr. Adair to send this check through on his account, saying that he had taken this check in a poker game and that was his reason for thinking the check was not good; that he noticed that the defendant had one $100 bill, one $20 bill, and one $5 bill, and other bills in his hand; that the defendant said he had won in the neighborhood of $300 that night in a poker game; that he had known the defendant for at least one year prior to that time.

C. W. Kemp, lieutenant of the stolen goods division of the police department, testified that defendant was arrested December 28th; that he talked to him several times about the alleged burglary of the Kraft Store on West Main street; that the defendant stated that he got this check, State's Exhibit "1", in a poker game and left it at the filling station to be cashed, but he could not remember whom he played poker with; that he further stated that he had burglarized this place by entering through the transom and cutting a hole through the wall to the Oklahoma Machine Company and got the tools; that with a hammer he broke the combination and opened the safe and got this check, but did not get the full amount of the money reported taken.

When the state rested, the defendant interposed a demurrer to the evidence and moved the court to instruct the jury to return a verdict of not guilty. Which demurrer and motion were properly overruled.

As a witness in his own behalf, the defendant denied his guilt; that the first he learned about the burglary was from the officers. He explained his possession of the check by the statement that he had won it in a poker game; that the next day, while on his way to Enid to spend Christmas, he left it at Allen Adair's Service Station to be cashed; that he had worked for the Kraft Company for approximately three months; that he judged that he won more than $100 in the poker game that night; and the filling station boy saw a part of the money, a $100 bill, a five and some

ones. That he also had $150 that was given to him by his ex-wife at Corpus Christi, Tex., when he was down there about the 5th of December.

No brief has been filed nor oral argument made in behalf of this defendant.

In cases of this kind, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission and rejection of evidence.

In this case we have examined the record and find it free from substantial error. We have also read the evidence, and as to its sufficiency to sustain the verdict and judgment of conviction we think there can be no reasonable doubt. The instructions given by the court, to which no objection was made or exception taken, correctly and fully present the law of the case.

It appearing that the defendant had a fair and impartial trial and was properly convicted, the judgment of the district court of Oklahoma county is accordingly affirmed.

BAREFOOT and DAVENPORT, JJ., concur.